**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> 425 Third Street SW, Suite 800 ) <br> Washington, DC 20024, ) <br> ) <br> *Plaintiff*, ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF STATE, ) <br> The Executive Office ) <br> Office of the Legal Adviser, Suite 5.600 ) <br> 600 19th Street, N.W. ) <br> Washington, DC  20522, ) <br> ) <br> *Defendant*. ) <br> ) | Civil Action No. |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of State to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of State is an agency of the United States Government headquartered at 2201 C Street, N.W., Washington, DC 20520. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On February 13, 2018, Plaintiff submitted a FOIA request to Defendant seeking access to the following records:

> This request seeks the following records related to the release of certain Department of State documents regarding efforts by the Russian Government to affect, manipulate, or influence any election in the United States or any foreign country to the office of Senator Ben Cardin and/or the Senate Foreign Relations Committee:
>
> - Any and all cover letters, notes, or other records of communication that accompanied the release of the records to any member of Congress or Congressional committee.
>
> - Any and all records referenced, reviewed, or relied upon during the review process that resulted in the release of the records.
>
> - Any and all inquiries or requests that prompted the release of the records.
>
> - Any and all records regarding any and all classification or declassification reviews conducted during the process leading to the Department of State's production of the records.
>
> - Any and all related records of communication between any official or employee of the Department of State and any other individual or entity. This includes, but is not limited to, any such records of communication between or among State Department officials or employees, as well as any records of communication between any official or employee of the Department of State and any member of Congress, Congressional staff member, or Congressional Committee staff member, as well as any third party or any employee or official of any office of the Executive Branch.
>
> - Any and all records reflecting the authorization or approval of the release of the records.

For purposes of clarification, the records to which this request pertains were released pursuant to a Freedom of Information Act request submitted to the Department of State on March 2, 2017 and a subsequent civil complaint filed in the U.S. District Court for the District of Colombia on May 9, 2017 (1:17-cv-00852). The records may be viewed at http://www.judicialwatch.org/wp-content/uploads/2017/12/JW-v-State-Cardin-documents-00852-7.pdf.

6. The time frame for Plaintiff's FOIA request is July 1, 2016 to the present.

7. By later dated April 9, 2018, Defendant acknowledged receipt of Plaintiff's request on February 13, 2018 and advised Plaintiff that the request had been assigned Case Control Number F-2018-00189.

8. By email on April 12, 2018, Plaintiff sought a status update of the FOIA request. Defendant responded by email on April 13, 2018 that Plaintiff's "FOIA request is pending processing." Defendant did not notify Plaintiff of its determination, the records thereof, or the right to appeal any adverse determination.

9. Plaintiff has not received any other communication from Defendant since April 13, 2018 about Plaintiff's FOIA request.

10. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the Defendant was required to determine whether to comply with Plaintiff's request within (20) working days after its receipt of the request and to notify Plaintiff immediately of its determination, the records thereof, and the right to appeal any adverse determination. Defendant's determination was due on or about March 14, 2018.

11. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) working days of receiving the request, or on or about March 14, 2018. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

15. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 11, 2018               Respectfully submitted,

/s/ *Ramona R. Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
**JUDICIAL WATCH, INC.**
425 Third Street S.W., Suite 800
Washington, DC 20024
(202) 646-5172
rcotca@judicialwatch.org

*Attorneys for Plaintiff*